UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Okwuchukwu E. Jidoefor and
Vince Automotive Group Corporation,

        Plaintiffs,

v.

Freedom Specialty Insurance Company,

        Defendant.

File No. 21-cv-01609 (ECT/ECW)

---

Okwuchukwu E. Jidoefor,

        Plaintiff,

v.

Freedom Specialty Insurance Company,

        Defendant.

File No. 21-cv-01911 (ECT/ECW)

---

## OPINION AND ORDER

---

Okwuchukwu E. Jidoefor, *pro se*.

Stacy A. Broman and Travis Jorge Allen, Meagher & Geer, PLLP, Minneapolis, MN, for Defendant Freedom Specialty Insurance Company.

---

    In these two nearly identical *pro se* cases, Plaintiffs seek insurance coverage and other amounts arising from the alleged theft of thirty vehicles and from Defendant Freedom Specialty Insurance Company's alleged refusal to cover the loss. Freedom Specialty issued

the relevant policy to Plaintiff Vince Automotive Group Corporation, which was owned by Plaintiff Okwuchukwu E. Jidoefor.[1]  Freedom Specialty has moved to dismiss both cases under Federal Rule of Civil Procedure 12(b)(6).  The cases will be dismissed because each is a re-do of a case Jidoefor filed in this Court in 2015 and stipulated to the dismissal of in 2017.  Minnesota claim-preclusion law plainly bars these suits.  Jidoefor seeks leave to amend his complaints, but he identifies no amendment that would address his claim-preclusion problem.

I[2]

This isn't Jidoefor's first rodeo.  *See Jidoefor v. Freedom Specialty Insurance Co.* (*Jidoefor I*), No. 16-cv-01109 (PAM/FLN) (D. Minn. filed Apr. 27, 2016).  The complaint in *Jidoefor I* alleged that Jidoefor was insured under Policy Number GWF0001839 issued

---

[1]    In the interests of convenience and adhering to the rule that a corporation cannot appear *pro se* as an individual can, *see Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996); *Ebersen, Inc. v. City of Minneapolis*, No. 03-cv-6482 (RHK/AJB), 2004 WL 483165, at *1 (D. Minn. Mar. 11, 2004) (citations omitted), Plaintiffs will be referred to as Jidoefor.

[2]    Understanding what is going on here requires not only a careful review of the filings in these two cases but also of certain filings in earlier litigation between these parties.  In resolving a Rule 12(b)(6) motion, courts ordinarily do not consider matters outside the pleadings.  *See* Fed. R. Civ. P. 12(d); *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).  Courts may, however, "additionally consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned."  *Zean*, 858 F.3d at 526 (internal quotation marks and citations omitted).  The filings in the earlier litigation are therefore appropriate to consider here.  To keep things simple, citations to documents filed in the three cases will simply use a shorthand for the case name, once each case is introduced (i.e., *Jidoefor I*, *Jidoefor II*, and *Jidoefor III*), with an ECF number and, if needed, a date.  Page citations are to the ECF pagination.

by Freedom Specialty; that thirty-nine vehicles and other property were stolen from Jidoefor on January 22, 2015; that Jidoefor had suffered various losses as a result of the theft; that Jidoefor's losses were covered under the insurance policy; that Freedom Specialty was required to make payment under the policy but refused; and that Freedom Specialty's conduct constituted a breach of its contractual obligation to Jidoefor. *Jidoefor I*, ECF No. 1-1. The case proceeded until April 5, 2017, when the parties filed a stipulation to dismiss with prejudice that provided as follows:

> This action may be and hereby is dismissed with prejudice, on the merits and without costs and disbursements to any party, and any party hereto may forthwith and without notice to any other party, apply to the Court pursuant to this Stipulation for an Order directing that judgment of dismissal with prejudice upon the merits and without costs, disbursements, or attorney's fees be entered accordingly.

*Jidoefor I*, ECF No. 63. United States District Judge Paul A. Magnuson then ordered the matter dismissed with prejudice and judgment entered on April 6. *Jidoefor I*, ECF Nos. 65, 66.[3]

More than four years after *Jidoefor I* was dismissed, Jidoefor appealed Judge Magnuson's dismissal order to the Eighth Circuit. *Jidoefor I*, ECF No. 70 (June 11, 2021); *Jidoefor v. Freedom Specialty Ins. Co.*, No. 21-2331 (8th Cir. filed June 16, 2021). Freedom Specialty moved to dismiss the appeal on the ground that the Eighth Circuit lacked jurisdiction because the appeal was untimely and Jidoefor lacked standing in view

---

[3] Jidoefor filed the case *pro se* but was referred to the Federal Bar Association's Pro Se Project and as of November 2016 was at least "working with" counsel. *See Jidoefor I*, ECF No. 22. He was represented by counsel at least as of January 2017, *Jidoefor I*, ECF No. 25, through the conclusion of the case in April 2017, *Jidoefor I*, ECF No. 65.

of his assent to the dismissal.  Appellee Freedom Specialty Insurance Company's Motion to Dismiss Appeal Due to Lack of Jurisdiction and Lack of Standing, *Jidoefor*, No. 21-2331 (8th Cir. June 21, 2021).  On July 13, 2021, the Eighth Circuit issued a judgment granting the motion and "dismiss[ing] for lack of jurisdiction."  *Jidoefor*, No. 21-2331 (8th Cir. July 13, 2021).  Other than issuance of the Eighth Circuit's mandate, no further action has occurred in *Jidoefor I* in either this Court's docket or the Eighth Circuit's.  *See Jidoefor I*, ECF No. 80 (Aug. 3, 2021) (Eighth Circuit mandate); *Jidoefor*, No. 21-2331 (8th Cir. Aug. 3, 2021) (same).

Sometime within two or three weeks of appealing *Jidoefor I*, Jidoefor mailed Freedom Specialty a state court summons and complaint.  *See Jidoefor v. Freedom Specialty Ins. Co.* (*Jidoefor II*), No. 21-cv-01609 (ECT/ECW), ECF No. 1 at 1, ¶ 1 (July 13, 2021) (notice of removal stating Freedom Specialty received "a purported Summons and Complaint in an action . . . , in the State of Minnesota, County of Hennepin" by U.S. Mail on or about June 23, 2021, and attaching summons and complaint); *id.* at 5, 11, 12 (summons, complaint, and affidavit of service documents dated May 24, 2021).  This complaint alleges that: Jidoefor was insured by Freedom Specialty under Policy Number GWF0001839; the policy limit was $150,000, with a "max $5,000 deductible for comprehensive (theft) coverage"; "roughly thirty" vehicles were stolen from Jidoefor on or about January 20, 2015; the stolen vehicles were covered under the insurance policy; Jidoefor had complied with the requirements of the policy and paid the premiums; Freedom Specialty refused to pay the claim for the theft; and Jidoefor suffered various losses caused by Freedom, such as "injuries under Commercial Tort," "suffer[ing] as a result of the

Negligence of Defendant," "Commercial Loss as a result of the Defendant's Negligence," "economic loss and intentional interference with prospective economic advantage," and Jidoefor's inability "to reestablish business." *Id.* at 6–11, ¶¶ 2, 9–18, 21, 23.  The *Jidoefor II* complaint also alleges that Freedom Specialty "discriminated against the Plaintiff on reasons of Race and economic abandonment" and characterizes Freedom Specialty's conduct as "willful," "wanton," "reckless," "malicious," "intentional[]," or demonstrating a "mental state of deliberate indifference." *Id.* ¶¶ 6–8, 22–23, 26–27, 29–30, A, D.  The two claims alleged are captioned as follows: "Defendants willful and wanton breach and economic abandonment was proximate cause of Plaintiff's Commercial loss" and "Plaintiff alleges Racial Discrimination is proximate cause of Defendants failure to pay claim." *Id.* at 9–10.  The allegations with these claims state that Freedom Specialty "violated a contractual duty" and "breached duty owed," and that Jidoefor "suffers as the result of defendants['] . . . acts and failure to pay claim as agreed." *Id.* ¶¶ 26–27, 29–30.  Jidoefor "avers a loss of over $72,000" and, in the Prayer for Relief, repeats that damages amount and further seeks "special damages," "punitive damages," attorneys' fees and costs, payment of "Commercial Tort Liability and damages," and a declaratory judgment. *Id.* at 9, 10–11, ¶¶ 19, A–F; *see also id.* at 6, ¶ 1 (introductory paragraph stating, "[t]his is an action for compensatory, exemplary/punitive damages, and declaratory relief").

The statements and arguments made in filings related to the parties' motions in *Jidoefor II* will be set out more fully in the analysis sections below, but it helps to start with a brief summary of what has occurred thus far procedurally in *Jidoefor II*.  Freedom Specialty removed *Jidoefor II* to this Court on July 13, 2021.  ECF No. 1.  On July 20,

Freedom Specialty moved to dismiss [ECF No. 5] on the basis of *res judicata*, contending that the claims were barred by the dismissal of *Jidoefor I*, as well as other arguments.  *See generally Jidoefor II*, ECF No. 6.  Soon after, Jidoefor responded to the motion to dismiss and filed a motion for leave to amend his complaint.  *Jidoefor II*, ECF Nos. 8, 9.  Jidoefor's motion to amend also made the following request:

> Plaintiff respectfully requests that the Court issue an Order, requiring that the original Complaint that was filed with the Hennepin County District Court be submitted to the Court. The Complaint that was filed is a version that was not accepted by the Hennepin County District Court, due to not being compliant with the rules of the Court.  The Plaintiff then corrected the issues, per instructions of a letter that was sent to the Plaintiff, then refiled the Complaint, dated June 29, 2021.

*Jidoefor II*, ECF No. 9.  Freedom Specialty responded that "rather than file his amended complaint with this Court, to which this case has been removed, Plaintiff attempted to commence a new lawsuit in Hennepin County District Court by filing his amended complaint, which resulted in the Hennepin County District Court opening a new case file." *Jidoefor II*, ECF No. 16 at 1.  Freedom Specialty said that it would be removing the new case to this Court and attached the newer state court complaint, which bears Jidoefor's signature dated June 29, 2021.  *Id.*; *see Jidoefor II*, ECF No. 17-1.  Jidoefor has said nothing further on this point, and, as will be momentarily described, Freedom Specialty indeed removed another case to this Court with this other complaint.  The final bit to summarize with respect to *Jidoefor II* is that nearly three months after filing his motion to amend, on October 27, 2021, Jidoefor filed a second motion for leave to amend.  *Jidoefor II*, ECF No.

20.  Freedom Specialty filed a response to that motion [ECF No. 21], and Jidoefor filed a reply [ECF. No. 23].

That brings us to the third case.  After *Jidoefor II* had begun, Jidoefor mailed Freedom Specialty another state court summons and complaint.  *See Jidoefor v. Freedom Specialty Ins. Co.* (*Jidoefor III*), No. 21-cv-01911 (ECT/ECW), ECF No. 1, ¶ 1 (July 13, 2021) (notice of removal stating Freedom Specialty received "a Summons and Complaint in an action . . . , in the State of Minnesota, County of Hennepin" by U.S. Mail on or about August 8, 2021, and attaching summons and complaint); ECF No. 1-1 at 2, 8 (summons and complaint dated June 29, 2021).  This is the complaint the Parties addressed in filings related to the first motion to amend in *Jidoefor II*, described above.

The *Jidoefor III* complaint alleges that: Jidoefor was insured under a policy issued by Freedom Specialty; the policy limit was $150,000, with a "deductible of $1,000 per covered auto, max $5,000 deductible for comprehensive (theft) coverage"; "roughly thirty" vehicles were stolen from Jidoefor on or about January 20, 2015; the stolen vehicles were covered under the insurance policy issued by Freedom Specialty to Jidoefor; Jidoefor had complied with the requirements of the policy and paid the premiums; Freedom Specialty refused to pay the claim for the theft; and Jidoefor suffered various losses caused by Freedom, such as "injuries under Commercial Tort," "suffer[ing] as a result of the negligence of defendant," "Commercial Loss as a result of the Defendant's Negligence," "economic loss and intentional interference with prospective economic advantage," and Jidoefor's inability "to re-establish business."  *Jidoefor III*, ECF No. 1-1 ¶¶ 2, 9–18, 21, 23.  The *Jidoefor III* complaint additionally alleges that Freedom Specialty "discriminated

against the plaintiff on reasons of Race and economic abandonment" and characterizes Freedom Specialty's conduct as "willful," "wanton," "reckless," "malicious," "intentional[]," or demonstrating a "mental state of deliberate indifference." *Id.* ¶¶ 6–8, 20, 22–23, 27–28, 30–31, A, D.  The first two claims in the *Jidoefor III* complaint have the same captions and allegations as those in *Jidoefor II* (excepting some minor grammatical changes). *Id.* at 7, ¶¶ 27–28, 30–31.

These allegations and claims in *Jidoefor III* closely mirror those in *Jidoefor II*.  But *Jidoefor III* has a third claim, captioned "Defendant's violation of Minn. Stat. Ch. 60A for Breach of Insurance Policy," which alleges that Freedom Specialty's "breach or repudiation of, or failure to fulfill, a duty to provide services or make payments to [Jidoefor] as agreed" has injured him. *Id.* at 7, ¶¶ 33–34.  Like in *Jidoefor II*, the *Jidoefor III* complaint seeks "special damages," attorneys' fees and costs, payment of "commercial tort liability and damages," and a declaratory judgment. *Id.* ¶¶ A–E.  However, where the *Jidoefor II* complaint "avers a loss of over $72,000," repeats that damages amount in the Prayer for Relief, and seeks an award of "punitive damages," *Jidoefor II*, ECF No. 1 at 9, 10, ¶¶ 19, B, D, the *Jidoefor III* complaint "avers a loss in excess of $50,000," repeats that amount ("in excess of $50,000") in the Prayer for Relief, and does not mention punitive damages in the Prayer for Relief, though that request is mentioned in the introductory paragraph ("exemplary/punitive damages"), *Jidoefor III*, ECF No. 1, ¶¶ 1, 19, B.

Freedom Specialty removed *Jidoefor III* to this Court on August 24, 2021.  ECF No. 1.  On August 31, Freedom Specialty moved to dismiss [ECF No. 5] on the basis of *res judicata*, again contending that the claims were barred by the dismissal of *Jidoefor I*, as

well as other arguments. *See generally Jidoefor III*, ECF No. 7. Just a few days later, on September 3, Jidoefor filed a motion for leave to amend his complaint and, on September 22, responded to the motion to dismiss. *Jidoefor III*, ECF Nos. 12, 14. Freedom Specialty filed its response to the motion to amend on September 15 [ECF No. 13] and reply in support of its motion to dismiss on October 6 [ECF No. 16], which ordinarily would have concluded the briefing on these motions. However, on October 18, Jidoefor filed another response to the motion to dismiss. *Jidoefor III*, ECF No. 18. Freedom Specialty filed a letter disputing the propriety of Jidoefor's second response [ECF No. 19], and Jidoefor responded to that letter with a letter of his own on November 5. *Jidoefor III*, ECF No. 21.

II[4]

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all

---

[4]     Jidoefor suggests that there is not subject-matter jurisdiction over these cases, but he's wrong about that. Because Freedom Specialty removed the suits to federal court, it must show the presence of complete diversity and either that "the sum demanded in good faith" in each of Jidoefor's complaints, 28 U.S.C. § 1446(c)(2), "exceeds the sum or value of $75,000, exclusive of interests or costs," 28 U.S.C. § 1332(a), or, "by the preponderance of the evidence," that § 1332(a)'s amount-in-controversy requirement is met, 28 U.S.C. § 1446(c)(2)(B). No one disputes the presence of complete diversity. Jidoefor (and, assuming it matters, Vince Automotive) are Minnesota citizens. *Jidoefor II*, ECF No. 1 at 6–7, ¶ 2; *id.* at 11. Freedom Specialty is a citizen of Ohio. *Id.* at 2, ¶ 4(c). The complaints in both *Jidoefor II* and *Jidoefor III* identify a policy limit of $150,000 and seek compensation for the theft of roughly 30 vehicles in the amount of "over $72,000" and "in excess of $50,000," respectively. *Jidoefor II*, ECF No. 1 at 9, ¶ 19; *Jidoefor III*, ECF No. 1-1 ¶ 19. Both complaints also seek damages for race discrimination. *Jidoefor II*, ECF No. 1 at 10, ¶¶ 28–30; *Jidoefor III*, ECF No. 1-1 ¶¶ 29–31. And both complaints include allegations suggesting Plaintiff seeks punitive damages. *Jidoefor II*, ECF No. 1 at 10–11; *Jidoefor III*, ECF No. 1-1 ¶ 1. Freedom Specialty alleges these jurisdictional facts in its notices of removal for each case. *Jidoefor II*, ECF No. 1 at 2, ¶ 4(d); *Jidoefor III*, ECF No. 1 ¶ 4(c). All of this is enough to show the presence of diversity jurisdiction at this time.

9

reasonable inferences in the plaintiff's favor.  *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014).  Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Freedom Specialty moves to dismiss both cases. *Jidoefor II*, ECF No. 5; *Jidoefor III*, ECF No. 5.  The main argument is that res judicata bars both cases based on the 2017 stipulated dismissal with prejudice of *Jidoefor I.  Jidoefor II*, ECF No. 6 at 4–5; *Jidoefor III*, ECF No. 7 at 5–6.  "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  Res judicata is an affirmative defense that a defendant must plead and prove, but a court may nonetheless dismiss an action on this basis under Rule 12(b)(6) if the complaint (including public records and documents it embraces) establishes that the plaintiff's claims are precluded. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763–64 (8th Cir. 2012).  "The law of the forum that rendered the first judgment [here, the United States District Court for the District of Minnesota,] controls the res judicata analysis." *Id.* at 764 (quoting *Laase v. Cnty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011)).  "As a matter of federal common law, we must give that federal diversity judgment the same claim-preclusive effect that [Minnesota] state courts would give to a state court judgment." *Id.* (citing *Semtek Int'l., Inc. v. Lockheed Martin Corp.*, 531 U.S.

497, 508 (2001)); *see also Taylor*, 553 U.S. at 891 n.4; *Ideker v. PPG Indus., Inc.*, 788 F.3d

849, 852 (8th Cir. 2015).   Accordingly, Minnesota's res judicata rules are the applicable

law.[5]   A subsequent claim is barred under Minnesota law "where '(1) the earlier claim

involved the same set of factual circumstances; (2) the earlier claim involved the same

parties or their privies; (3) there was a final judgment on the merits; (4) the estopped party

had a full and fair opportunity to litigate the matter.'"   *St. Paul Fire & Marine Ins. Co. v.

Compaq Comput. Corp.*, 539 F.3d 809, 821 (8th Cir. 2008) (quoting *Hauschildt v.

Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)); *see also Aaron Carlson Corp. v. Cohen*,

933 N.W.2d 63, 72 (Minn. 2019) (same).

There is no question these elements are met here, and for both cases.  The complaints

in *Jidoefor I*, *Jidoefor II*, and *Jidoefor III* all involved the same set of factual circumstances:

the theft of thirty-some vehicles from Jidoefor in January 2015, a claim by Jidoefor under

his insurance policy with Freedom Specialty, and Freedom Specialty's denial of that claim.

All cases involve the same plaintiff (or plaintiffs, for the cases that include Vince

Automotive) and same defendant.  There was a final judgment in *Jidoefor I*: the stipulation

of dismissal stated that the action was dismissed "with prejudice, on the merits," ECF No.

63 at 1, the case was ordered dismissed with prejudice, ECF No. 65, and judgment was

entered, ECF No. 66.  "When the parties to a previous lawsuit agree to dismiss a claim with

prejudice, such a dismissal constitutes a 'final judgment on the merits' for purposes of *res*

---

[5]    Freedom Specialty misapplied federal law in its briefing, but it doesn't matter
because "the elements of res judicata under Minnesota law are nearly identical to the
elements of res judicata under federal common law."  *Magee v. Hamline Univ.*, 1 F. Supp.
3d 967, 973 n.4 (D. Minn. 2014), *aff'd in part*, 775 F.3d 1057 (8th Cir. 2015).

*judicata.*"  *Larken, Inc. v. Wray*, 189 F.3d 729, 732 (8th Cir. 1999) (collecting cases); *see also Jackson v. United States*, No. 18-cv-3294 (MJD/LIB), 2020 WL 981458, at *11 (D. Minn. Jan. 27, 2020) (quoting *Larken*, 189 F.3d at 732), *report and recommendation adopted*, 2020 WL 980161 (D. Minn. Feb. 28, 2020); *Dykes v. Sukup Mfg. Co.*, 781 N.W.2d 578, 583 (Minn. 2010) ("A dismissal with prejudice and on the merits executed by both parties is a final determination and is equivalent to an adjudication on the merits regarding the claims asserted or which could have been asserted by the parties to that lawsuit, subject to certain exceptions not applicable in this case.") (cleaned up).  There is nothing in the record—in any of the three cases—to suggest Jidoefor did not have a full and fair opportunity to litigate *Jidoefor I*.  Indeed, *Jidoefor I* was litigated for a year before dismissal, and Jidoefor was able to benefit from the services of an attorney through the Federal Bar Association's Pro Se Project.  *See Jackman v. Members Coop. Credit Union*, No. 20-cv-2372 (WMW/LIB), 2021 WL 3683490, at *1 (D. Minn. Aug. 19, 2021) (quoting *State v. Joseph*, 636 N.W.2d 322, 328 (Minn. 2001)) (describing what court considers when determining whether a party had a full and fair opportunity to litigate).

The dismissal and judgment in *Jidoefor I* therefore bars Jidoefor's claims here.  This includes any new claims or theories, because in addition to barring all claims actually litigated, res judicata applies to claims that could have been litigated in the earlier case.  *St. Paul Fire & Marine*, 539 F.3d at 821 (citing *Hauschildt*, 686 N.W.2d at 840); *Jackman*, 2021 WL 3683490, at *1 (citing *State v. Joseph*, 636 N.W.2d at 327).  A claim is barred if it arises out of the same set of factual circumstances.  *Hauschildt*, 686 N.W.2d at 840.  So the fact that the current complaints phrase the claims differently or perhaps add claims does

not matter, because the facts alleged are the same facts alleged in the previous complaint. Since all Jidoefor's claims, in both cases, are precluded, Freedom Specialty's remaining arguments regarding statutes of limitations or insufficient pleading, *Jidoefor II*, ECF No. 6 at 5–8; *Jidoefor III*, ECF No. 7 at 6–8, need not be addressed.

Jidoefor's arguments in response to Freedom Specialty's motions don't change anything.  In response the motion to dismiss in *Jidoefor II*, Jidoefor argued only that Freedom Specialty had not properly served him with the motion and accompanying papers. *Jidoefor II*, ECF No. 8 at 1.  Freedom Specialty promptly filed an affidavit of service, stating that Jidoefor was served on July 20, 2021, by mailing the documents to his last known address.  *Jidoefor II*, ECF No. 11; *see* Fed. R. Civ. P. 5(b)(2)(C) (service by mail accomplished by "mailing [a paper] to the person's last known address—in which event service is complete upon mailing").  Jidoefor has not pressed this argument any further.  In response to the motion to dismiss in *Jidoefor III*, Jidoefor argues that Freedom Specialty breached the policy, that he has discovered new evidence supporting the claims in his complaints, that Freedom Specialty improperly withheld evidence, that the Minneapolis Police Department also withheld evidence, and that he was deceived by Freedom Specialty. *Jidoefor III*, ECF No. 14 at 1–2.  These assertions are immaterial to the res judicata issue: there was a dismissal with prejudice and judgment in *Jidoefor I*.  If all of what Jidoefor says is true, he still cannot file a new lawsuit with the same claims as if the earlier judgment didn't exist.

III

That leaves Jidoefor's motions to amend his complaints. Federal Rule of Civil Procedure 15 requires the court to "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).[6] Though this is a liberal standard, parties do not have an absolute right to amend. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). A motion to amend may be denied for "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* (citation omitted). A proposed amendment is futile if it could not survive a motion to dismiss under Rule 12(b)(6). *Hillesheim v. Myrom's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018). Accordingly, the proposed amended complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citation omitted).

To start with, all three of Jidoefor's motions to amend his complaints—two in *Jidoefor II* [ECF Nos. 9, 20] and one in *Jidoefor III* [ECF No. 12]—have the same problem: they do not comply with the Local Rules for moving to amend a pleading, which require a party seeking leave to amend to include with the motion both a copy of the proposed amended pleading and a version of the same "that shows . . . how the proposed amended

---

[6]    At the time Jidoefor made his first motion in *Jidoefor II* [ECF No. 9] and his motion in *Jidoefor III* [ECF No. 12], he could have amended as a matter of course after Freedom Specialty's motions to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). But he did not, and the time for him to amend as of right has passed, so he may only amend with the Court's permission or the opposing party's consent. *See* Fed. R. Civ. P. 15(a)(2).

14

pleading differs from the operative pleading." L.R. 15.1(b).[7]  This rule is not a minor detail: without a proposed amended complaint, it is not really possible to determine whether an amendment would be futile.  Jidoefor's non-compliance seems so substantial that his pro se status cannot serve as an excuse.  *See Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 726–27 (D. Minn. 2015) (collecting cases).  This alone is a sufficient basis to deny all Jidoefor's motions to amend.

Procedure aside, the law requires the denial of Jidoefor's motions because the amendments he hints at wouldn't save his claims.  The only motion to amend in which Jidoefor has provided some information concerning his proposed amendments is his second motion filed in *Jidoefor II*.  *Jidoefor II*, ECF No. 20.  There, Jidoefor says he should be allowed to amend to join "one or more Defendants" under Rule 19 "because in that person's absence, the court cannot afford complete relief among existing parties," and he notes that the Court may also allow amendment to join "one or more Defendants" under Rule 20.  *Id.* Jidoefor further requests leave to amend "to join one or [sic] claims/remedies" under Rule 18, saying, "the Joining claim involves the above Joinder of one or more Defendants."  *Id.* After Freedom Specialty filed its opposition to this motion [ECF No. 21], Jidoefor filed (improperly) a reply [ECF No. 23].  In this reply, Jidoefor says he needs to amend due to having received in August "new evidence" that Freedom Specialty has a parent company, Nationwide Mutual Insurance Company, that owns 100% of Freedom Specialty's stock.

---

[7]     They also do not comply with the general requirements for civil motions because they do not include a notice of hearing, a memorandum of law separate from the motion, a meet-and-confer statement, or a proposed order.  *See* L.R. 7.1(b)(1).

*Jidoefor II*, ECF No. 23 at 1. Jidoefor seeks to amend to add Nationwide as a defendant. *Id.* This amendment would be futile for at least two reasons. First, Jidoefor doesn't identify any claim he might assert against Nationwide (or Freedom Specialty) that is distinct in the relevant sense from the claims he asserted in *Jidoefor I*. Second, Jidoefor has identified no legal basis that would permit him to sue Nationwide apart from its status as Freedom Specialty's parent, and that's not enough. *See Cardiovascular Sys., Inc. v. Cardio Flow, Inc.*, 498 F. Supp. 3d 1080, 1092–93 (D. Minn. 2020) (contracts not binding on nonparties); *Zwicki v. Superior Mach. Co. of S.C.*, No. 00-cv-1942 (DSD/SRN), 2002 WL 34365098, at *8 (D. Minn. July 31, 2002) ("The mere fact that one corporation holds all of the stock in another does not render it liable for the torts of the latter.") (quoting 10 Julie Rozwadowski and James Perkowitz-Solheim, *Fletcher Cyclopedia of the Law of Private Corporations* § 4878, at 350 (Perm ed. 1993), and citing additional authorities).

### ORDER

Based on the foregoing, and on all the files, records, and proceedings in these cases,

**IT IS ORDERED THAT**:

1. Freedom Specialty Insurance Company's Motion to Dismiss [ECF No. 5 in File No. 21-cv-01609] is **GRANTED**;

2. Freedom Specialty Insurance Company's Motion to Dismiss [ECF No. 5 in File No. 21-cv-01911] is **GRANTED**;

3. Plaintiff Okwuchukwu E. Jidoefor and Vince Automotive Group Corporation's Motion for Leave to Amend Complaint [ECF No. 9 in File No. 21-cv-01609] is **DENIED**;

16

4.      Plaintiff Okwuchukwu E. Jidoefor and Vince Automotive Group Corporation's Motion for Leave to Amend Complaint [ECF No. 20 in File No. 21-cv-01609] is **DENIED**;

5.      Plaintiff Okwuchukwu E. Jidoefor's Motion for Leave to Amend Complaint [ECF No. 12 in File No. 21-cv-01911] is **DENIED**; and

6.      These actions are **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 21, 2021                    s/ Eric C. Tostrud
                                             Eric C. Tostrud
                                             United States District Court